# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**KEITH HENDERSON,**
**D.O.C. # C-102124,**

    **Plaintiff,**

**vs.**                                                    **Case No. 1:24cv42-AW-MAF**

**WADE MERCER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    This case has been initiated by a pro se Plaintiff prisoner. Plaintiff submitted a complaint, ECF No. 1, an in forma pauperis motion, ECF No. 2, a memorandum, ECF No. 3, and a motion to transfer, ECF No. 4. Starting with the motion to transfer, Plaintiff requests this case be transferred to a proper United States District Court in Wisconsin. ECF No. 4 at 1. That motion should be denied. Plaintiff chose to file this case in this Court. It is improper to file a case in a court while simultaneously requesting transfer. Further, Plaintiff's motion is insufficient because he has not demonstrated that venue is proper in Wisconsin.

Second, Plaintiff's complaint was reviewed to determine if venue was appropriate in this Court. ECF No. 1. That review demonstrates that Plaintiff has submitted a rambling and unintelligible narrative of disconnected events. The complaint fails to explain the actions of any person named as a Defendant which violate Plaintiff's constitutional rights. Indeed, it is nearly impossible to determine who is named as a Defendant. *See* ECF No. 1 at 1, 4-5. The complaint lacks a factual basis to proceed against any Defendant and is insufficient. The Court is unable to decipher any claim, any basis for proceeding in a federal court, any no basis to provide Plaintiff his requested relief of nine hundred and ninety-nine million dollars. *See Id.* at 10.

Moreover, Plaintiff indicated he has had federal cases dismissed as frivolous, malicious, or for failure to state a claim. ECF No. 1 at 3-4. Although Plaintiff's list of cases is not complete, he did identify case number 3:21cv80-MCR-EMT which was filed in this Court in 2021. ECF No. 1 at 3. Judicial notice is taken that the case was dismissed on August 17, 2021, pursuant to 28 U.S.C. § 1915(g). ECF Nos. 21-22 of that case.

The Report and Recommendation entered in case number 3:21cv80 relates Plaintiff's litigation history and cites a multitude of cases filed by

Plaintiff in the Middle District of Georgia.  ECF No. 19 at 3-4 of that case.  There is no need to list all of those cases again here.[1]  It is sufficient to note that Plaintiff has three strikes, and he has already had a case dismissed in this Court pursuant to 28 U.S.C. § 1915(g).  *See* case # 3:21cv80.  In light thereof, this case cannot proceed and Plaintiff's in forma pauperis motion, ECF No. 2, cannot be granted unless Plaintiff provides sufficient allegations to show he faces imminent danger of serious physical injury.

    As noted above, Plaintiff's complaint is unintelligible and fails to make that showing.  He does not provide a clear statement of facts which show that he is in danger from a known and identifiable person.  His rambling assertions are insufficient to demonstrate his entitlement to in forma pauperis status.

    As Plaintiff is well aware from his prior case in this Court, 28 U.S.C. § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior cases or appeals dismissed because the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted, "unless the prisoner is

---

[1] For simplicity, the Report and Recommendation is attached.

Case No. 1:24cv42-AW-MAF

under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has already accumulated "three strikes" and has had a case dismissed under § 1915(g). Thus, his in forma pauperis motion, ECF No. 2, should be denied and this case dismissed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.; see also Daker v. Ward, 999 F.3d 1300, 1310 (11th Cir. 2021).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g), all pending motions be **DENIED**, and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 29, 2024.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH HENDERSON,
Inmate No. C-102124,
    Plaintiff,

v.                                                 Case No. 3:21cv80/MCR/EMT

J. ADAMS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff subsequently filed an amended complaint and then a second amended complaint (*see* ECF Nos. 10, 18). The court recently granted Plaintiff leave to proceed in forma pauperis—improvidently, as will be set forth below. Indeed, upon review of Plaintiff's pleadings and litigation history, it is plain Plaintiff is a "three-striker" and that this action, therefore, should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee when he initiated the action.

According to 28 U.S.C. § 1915(g), a provision of the in forma pauperis statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on

> 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g) having had three or more prior civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The court takes judicial notice of the following case in which this court recognized Plaintiff as a three-striker:

Case No.: 3:21cv80/MCR/EMT

*Henderson v. Quinn, et al.*, Case No. 5:14cv175/MW/GRJ (N.D. Fla. Sept. 8, 2014), (ECF No. 13) (dismissing case pursuant, in part, to the three-strikes provision of 28 U.S.C. § 1915(g)).[1] As noted in the Report and Recommendation entered in the case cited above, Plaintiff has an extensive litigation history, which the court outlined in a case Plaintiff filed in the Middle District of Georgia, as follows:

> A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed dozens of frivolous and meritless cases in federal court and that "his status as a three-strike plaintiff cannot seriously be disputed." *Henderson v. Thrash*, No. 1:14-cv-00202-NT, 2014 WL 2944065, at *1 (D. Me. June 30, 2014); *see Henderson v. Jackson*, No. 7:14-cv-00208-HL-TQL (M.D. Ga. Feb. 27, 2015) (dismissing case under § 1915(g) and for failure to state a claim under § 1915A(b)); Initial Review Order at 8, *Henderson v. Hilton Hall*, No. 1:14-cv-00438-REB (D. Id. Jan. 26, 2015), ECF No. 16 (dismissing complaint as frivolous and malicious); *Henderson v. State of Georgia*, No. 1:15-cv-01007 (C.D. Ill. 2015) (dismissing complaint as frivolous and malicious, and imposing filing restrictions); Order, *In re Keith Henderson*, No. 3:12-mc-00002-DHB (S.D. Ga. Dec. 18, 2012), ECF No. 1 (finding five separate filings frivolous, abusive, and subject to dismissal under § 1915(g)); Memorandum and Order at 2, *Henderson v. Butt*, No. 4:13-cv-01698-SPM (E.D. Mo. Aug. 30, 2013), ECF No. 4 (granting IFP and dismissing case as frivolous). Based on Plaintiff's history of filing abusive and frivolous pleadings, both the Southern District of Georgia and Northern District of Georgia have placed restrictions on his filings.

---

[1] Pursuant to Rule 201(b) of the Federal Rules of Evidence, a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Case No.: 3:21cv80/MCR/EMT

*See* Order at 1, *In re Keith Henderson*, No. 3:12-mc-00002-DHB (S.D. Ga. Dec. 18, 2012), ECF No. 1 (stating Keith Henderson "is now deemed an abusive filer."); Order, *Henderson v. Butts*, No. 1:13-mi-00010-AT (N.D. Ga. Mar. 13, 2013), ECF No. 3. And the Eleventh Circuit Court of Appeals "has determined that the 'three strikes' provision of the Prison Litigation Reform Act of 1995 is applicable to" Plaintiff. Public Communication at 6, *Henderson v. Graham*, No. 13-10641 (11th Cir. June 5, 2013).

*Henderson v. Early Cty. Sheriff's Dept.*, No. 1:18-cv-00057-WLS-TQL, 2018 WL 11152178, at *1 (M.D. Ga. May 7, 2018).[2] Plaintiff plainly has accrued at least three-strikes.[3]

Because Plaintiff has accrued *at least* three strikes, he may not litigate this case in forma pauperis unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall

---

[2] This court takes judicial notice of Plaintiff's previously filed cases.

[3] Plaintiff appears to have more than one inmate number. The court can confirm Plaintiff filed the various civil actions referenced herein, however, because Plaintiff refers to himself as "Keith Henderson25" in both this case and prior cases in which he was recognized as a three-striker. *Compare, e.g.*, ECF No. 18 at 1, 4, 7, 20–21 *with Henderson v. Quinn*, No. 5:14-cv-175-MW-GRJ (ECF No. 34 at 1–5; ECF No. 35 at 1–3, 14, 16–17); *see also, e.g., Henderson v. Arnold, et al.*, No. 4:21cv180/MW/MJF (N.D. Fla.) (ECF No. 21, report and recommendation entered June 8, 2021, noting same in case filed by Keith Henderson, Inmate No. C-102124). Moreover, Plaintiff filed a habeas petition while an inmate of the Georgia Department of Corrections in which he included the following phrase: "Customary International Law several practices . . . ." *Henderson v. Hernandez-Covington*, No. 1:14-cv-152-WLS-TQL (M.D. Ga. Aug. 22, 2014) (ECF No. 1 at 5). In his initial complaint in this matter, Plaintiff included the following phrase: "Customary International Law several practices . . ." (ECF No. 1 at 1).

within this exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff has not alleged facts indicating he was in imminent danger of serious physical injury at the time he commenced this case. In fact, the conduct of which Plaintiff complains—an attack by a correctional officer—occurred at Santa Rosa Correctional Institution in March of 2020, but Plaintiff was confined at Suwanee Correctional Institution at the time he initiated this action in January of 2021 (ECF No. 1 at 6, 11). Because Plaintiff is barred from proceeding in forma pauperis and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice pursuant to section 1915(g). *Dupree*, 284 F.3d at 1236.

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

2. That all pending motions be **DENIED** as moot.

Case No.: 3:21cv80/MCR/EMT

3.	That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 24th day of June 2021.


	/s/ *Elizabeth M. Timothy*
	**ELIZABETH M. TIMOTHY**
	**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.** *Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.* **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**